IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN, et al., | No. C-06-1909 MMC |
| Plaintiffs, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| ALLSTATE CORPORATION et al., | (Docket No. 3) |
| Defendants. | |

Before the Court is plaintiffs' ex parte application for a temporary restraining order and motion for preliminary injunction, filed March 13, 2006. Plaintiffs LaRell Franklin, LaRon Franklin, Deborah Spade, and Lisa Lemmons seek a temporary restraining order and a preliminary and permanent injunction enjoining defendants Allstate Corporation, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Company, CRS Temporary Housing, and Nemisio (Jun) Ramos ("Ramos") from evicting plaintiffs from 824 Sargent Street, San Francisco ("Sargent property"), pending resolution of the instant action.

On March 14, 2006, the Court issued an order deferring ruling on plaintiffs' application until March 17, 2006, because plaintiffs had failed to file a certification, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, as to their efforts, if any, to

provide notice of their application to defendants and any reasons why such notice should not be required. On February 17, 2006, plaintiffs' counsel filed the requisite certification, attesting that, immediately after the complaint and application for temporary restraining order were filed, he mailed said documents to process servers to serve defendants and expects that service will be effected today. (See Canatella Decl. at 3.)

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court may issue a temporary restraining order ex parte only under very limited circumstances:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). In order to obtain a temporary restraining order or a preliminary injunction, plaintiffs must show "either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839-40 and n.7 (9th Cir. 2001). Under the second formulation of the above-referenced test, even if the balance of hardships tips sharply in the moving party's favor, plaintiffs must show, "as an irreducible minimum that there is a fair chance of success on the merits." See Johnson v. California State Board of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (internal quotation and citation omitted).

Here, for the reasons set forth below, plaintiffs have not shown a fair chance of success on the merits of their contention that they should be permitted to continue living at the Sargent property at defendants' expense. The instant action is based on allegations of a race-based conspiracy to delay payment of insurance benefits owed to plaintiffs as the result of a fire at the insured property, 778 Lakeview Avenue, San Francisco ("Lakeview property"). Plaintiff LaRell Franklin attests that a fire occurred at the Lakeview property on

1  March 1, 2005 and that smoke damage rendered the Lakeview property uninhabitable.
2  (See LaRell Franklin Decl. ¶ 5.)  He further attests that the Lakeview property is covered by
3  an Allstate Deluxe Plus Homeowners Policy ("Policy").  (See id. ¶ 4.)  Since March 7, 2005,
4  plaintiffs have been living at the Sargent property, pursuant to the "additional living
5  expense" coverage afforded under the Policy.  (See id. ¶ 18.)  The Policy provides that
6  such benefits are "limited to the least of the following: . . . the time period required to repair
7  or replace the property[,] . . . the shortest time for [the insured's] household to settle
8  elsewhere[,] [or] 12 months."  (See LaRell Franklin Decl. Ex. A at A-18.)  The Policy thus
9  provides for a maximum benefit of twelve months of "additional living expense" coverage.
10 (See id.)  Plaintiffs concede they have been living at the Sargent property for more than
11 twelve months pursuant to the "additional living expense" provision of the Policy.  (See
12 LaRell Franklin Decl. ¶ 18.)  Accordingly, they have exhausted the maximum amount of
13 "additional living expense" coverage to which they could be entitled under the Policy.
14 Regardless of whether plaintiffs may be entitled to other benefits under the Policy, plaintiffs
15 are not entitled to any further benefits under the "additional living expenses" clause beyond
16 those they already have received.
17     As plaintiffs have not demonstrated a fair chance of success on the merits of their
18 claim that they should be permitted to continue living at the Sargent property at defendants'
19 expense, the instant application is hereby DENIED.
20     **IT IS SO ORDERED.**
21  
    Dated: March 17, 2006                                   _____
22                                                            MAXINE M. CHESNEY
                                                              United States District Judge
23
24
25
26
27
28