United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN, et al., | No. C-06-1909 MMC |
| Plaintiffs, | **ORDER DISMISSING ACTION WITH LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| ALLSTATE CORPORATION et al., | (Docket Nos. 33, 41, 43, 45) |
| Defendants. | |

    Before the Court are four motions: (1) the motion filed May 2, 2006 by defendants EFI Global, Inc. and George S. Alboff seeking dismissal of the claims asserted against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, a more definite statement, pursuant to Rule 12(e); (2) the motion filed May 22, 2006 by defendants Allstate Corporation, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Company, Kathie Pardi, Richard K. Reney, Andrew Aspergren, and Nicki Nicolai seeking dismissal or a more definite statement, pursuant to Rules 8, 12(b)(6), and 12(e); (3) the motion filed May 22, 2006 by defendants Accredited Home Lenders, Inc. and Countrywide Home Loans, Inc. (jointly, "Lender Defendants") seeking dismissal pursuant to Rule 12(b)(6) and additionally moving to strike plaintiffs' punitive damages claim, pursuant to Rule 12(f); and (4) the motion filed May 22, 2006 by Rust, Armenis & Schwartz and Scott D. Schwartz ("Attorney Defendants") seeking

dismissal pursuant to Rule 12(b)(6).[1]  Plaintiffs have filed opposition to each motion, to which defendants, respectively, have replied.  Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 7, 2006 hearing and rules as follows.

      The complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, specifically, that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and that the averments be "simple, concise, and direct."  See Fed. R. Civ. P. 8(a)(2) and 8(e)(1); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal, pursuant to Rule 8, of 53-page complaint that "mixe[d] allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way" and failed to specify which defendants were liable on which claims).  Here, the First Amended Complaint, which is more than 50 pages in length, fails (1) to identify, with respect to each cause of action, the specific plaintiff(s) and defendant(s) to which such cause of action pertains; (2) to allege the manner in which each such plaintiff was injured by each such defendant; and (3) to set forth a nonconclusory factual basis for the allegations of conspiracy.  In addition, the majority of the causes of action asserted are a confusing jumble of legal theories.  See, e.g., FAC ¶¶ 49-54 (setting forth First Claim for Violation of 42 U.S.C. §§ 1981, 1982 and 3604); id. ¶¶ 56-58 (setting forth Third Claim for California Civil Rights Violations, citing California Constitution, California Civil Code §§ 51 and 52.1, and including allegations of defamation, unfair insurance settlement practices, breach of contract, and conspiracy to foreclose on home loan); id. ¶¶ 59-60 (setting forth Fourth Claim for California Insurance Bad Faith and Fraud).  "Prolix, confusing complaints such as the one[ ] plaintiffs filed in this case impose unfair burdens on litigants and judges."

---

[1] Although neither the Lender Defendants nor the Attorney Defendants expressly move for a more definite statement, the Lender Defendants contend plaintiffs' claims "are largely unintelligible," (see Lender Defendants' Motion at 5), and the Attorney Defendants contend plaintiffs' "specific allegations against defendants RAS and Schwartz are extremely difficult to decipher," (see Attorney Defendants' Motion at 4).

1  See McHenry, 84 F.3d at 1179.

2  Accordingly,

3  1. The above-referenced motions are hereby GRANTED to the extent defendants
4  seek relief based on unintelligibility of the complaint, and the instant action is hereby
5  DISMISSED in its entirety, with leave to amend to cure the deficiencies noted above.

6  2. Plaintiffs' amended complaint shall be filed no later than July 28, 2006.

7  3. If an amended complaint is filed, each cause of action shall be based on a single
8  legal theory, and the subheading of each cause of action shall identify the specific plaintiffs
9  who are asserting that cause of action and the specific defendants against whom it is
10  brought.

11  This order terminates Docket Nos. 33, 41, 43, and 45.

12  **IT IS SO ORDERED.**

13  Dated: June 29, 2006

MAXINE M. CHESNEY
United States District Judge