United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LaRELL FRANKLIN et al.,

    Plaintiffs,

  v.

ALLSTATE CORPORATION et al.,

    Defendants.

                                    /

No. C-06-1909 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS RUST, ARMENIS & SCHWARTZ AND SCOTT D. SCHWARTZ'S MOTION TO DISMISS; DENYING MOTION FOR MORE DEFINITIVE STATEMENT**

(Docket No. 72)

      Before the Court is the motion filed July 27, 2006 by defendants Rust, Armenis & Schwartz and Scott D. Schwartz, Esq. (collectively, "Schwartz") to dismiss the claims asserted against them in plaintiffs' Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for a more definite statement pursuant to Rule 12(e). Plaintiffs[1] have filed opposition to the motion. Schwartz has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and rules as follows.

---

[1] Plaintiffs are "LaRell Franklin, individually and as executor and testamentary trustee of the Estate of Maggie Ivory, LaRon Franklin, Deborah Spade, Lisa Lemmons, Dorothy Sewell, as guardian of the estate of her wards, Amber Franklin, Deaneer Franklin and Coti Alexander." (See SAC ¶ 2.)

**BACKGROUND**

The instant action arises out of an insurance dispute over coverage for fire damage to residential property at 778 Lakeview Avenue in San Francisco ("Lakeview Property").

According to plaintiffs, a fire occurred on March 1, 2005 around 4:00 p.m. at the Lakeview Property. (See SAC ¶ 8.) Plaintiffs allege that Allstate Insurance Company ("Allstate") originally issued an insurance policy covering the Lakeview Property to decedent Maggie Ivory ("Ivory") in 1992. (See id. ¶ 4.) After Ivory's death, LaRell Franklin was appointed executor of the Ivory estate and the subject policy, Allstate Insurance Company Deluxe Plus Homeowners Policy No. 37300564 ("Policy"), was reissued to him on September 5, 2004 as personal representative of the Ivory estate. (See id. ¶ 4 and Ex. A.) On November 25, 2004, the Policy was amended to change the named insured to "LaRell Franklin, a single man." (See id. ¶ 5 and Ex. A.) After the fire, LaRell Franklin filed a claim for benefits under the Policy, and Allstate, in a letter dated March 10, 2006, denied the claim. (See id. ¶¶ 12, 16 and Ex. B.) In said letter, Allstate concluded that "the insured[ ] violated the 'Concealment or Fraud' provision of the policy by setting fire to the house; submitting a false claim and testifying falsely regarding the fire and the claim at [his] examinations under oath . . . [and] violated the 'What You Must Do After A Loss' and 'Suit Against Us' provisions of the policy." (See id. ¶ 16 and Ex. B at 1.) Plaintiffs are African-American, (see id. ¶¶ 31, 38), and contend that Allstate's claim denial was purposefully motivated by the racial stigma attached to drug offenses by African Americans, (see id. ¶ 18).

With respect to Schwartz, plaintiffs allege that Schwartz drafted the above-referenced letter denying the claim, and that Allstate and Schwartz "agreed to discriminate against Plaintiffs on the basis of race to deny the fire loss claim for pretextual and false reasons." (See id. ¶ 16.) Specifically, Schwartz is alleged to have agreed (1) with Nicki Nicolai ("Nicolai") and George S. Alboff and EFI Global, Inc. (collectively, "EFI/Alboff") to ascribe a false and pretextual origin and cause to the fire, (see id. ¶ 17), (2) with Accredited Home Lenders, Inc. ("Accredited") to furnish Allstate with an excuse for denying the fire

1 loss claim, specifically, that the Policy showed the named insured as "a single man" not as
2 "trustee" or "executor," (see id.), (3) with Roy Granlund ("Granlund") to report falsely that
3 LaRell Franklin was seen watching the Lakeview Property burn from a hill behind the
4 house, and that Dorothy Sewell and her sister Yvonne Sewell had accused LaRell Franklin
5 of committing arson and defrauding the heirs, (see id.); and (4) with Nicolai to deny the
6 claim on the basis of plaintiffs' prior drug convictions and criminal offense histories, (see id.
7 ¶ 18).

8     Plaintiffs additionally allege that on August 5, 2005, Schwartz greeted LaRell and
9 LaRon Franklin with "facial expressions of disdain and contempt," and that while waiting in
10 an office near LaRell Franklin's deposition room, LaRon Franklin hear Schwartz mutter the
11 "n" word. (See id. ¶ 21.)  Thereafter, plaintiffs allege, Schwartz, on September 19, 2005,
12 questioned Deborah Spade, employing questions that assumed facts known to be false
13 and again displaying "facial expressions of disdain and contempt." (See id. ¶¶ 23, 24.)
14 Further, according to plaintiffs, Schwartz, on October 18, 2005, obtained from electrical
15 engineer Jeffrey Goode ("Goode") a report designed to contradict the SFFD arson
16 investigation report and to bolster the EFI/Alboff report.  (See id. ¶ 27.)  Plaintiffs further
17 allege that on December 5, 2005, Schwartz, in order to bolster the EFI/Alboff report,
18 arranged for Alboff to interview Lieutenant Mike Reynolds of the San Francisco Fire
19 Department ("SFFD"), who allegedly stated that the stairwell had the most extensive
20 damage and opined that "the fire started at the bottom of the stairs."  (See id. ¶ 28.)
21 Finally, plaintiffs allege that Schwartz, together with Nicolai, Andrew Aspergren
22 ("Aspergren") and Richard K. Reney ("Reney"), deliberately delayed a claim decision so
23 that plaintiffs' living-expense benefits under the policy would expire and Allstate's agent
24 could evict plaintiffs from their replacement housing.  (See id. ¶ 29.)

25     Plaintiffs assert causes of action against Schwartz for (1) conspiracy to violate and
26 violation of 42 U.S.C. § 1981 (First Claim); (2) conspiracy to violate and violation of 42
27 U.S.C. § 1982 (Second Claim); (3) conspiracy to violate and violation of 42 U.S.C. § 3604
28 (Third Claim); (4) violation of 42 U.S.C. § 1985 (Fourth Claim); and (5) conspiracy to

3

1 interfere and interference with plaintiffs' prospective advantage and right to inherit under
2 California state law (Sixth Claim).

### LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id.

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the

nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Bell Atlantic Corp. v. Twombly,  127 S.Ct. at 1965 (internal quotation and citation omitted).

## DISCUSSION

**A. Section 1714.10 Procedural Requirement**

At the outset, Schwartz argues that plaintiffs' complaint is "barred by failure to comply with California Civil Code section 1714.10." (See Motion at 7.)  California Civil Code § 1714.10, in relevant part, provides:

> No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.

Id.

"[F]ederal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965); see, e.g., Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir. 1983) ("The decision to hold an evidentiary hearing when making an attorney's fee award is a matter of procedure, and is therefore governed by federal law under the Erie doctrine."). In determining whether a particular statute is procedural rather than substantive in nature, courts look to whether the statute "really regulates procedure," namely, "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." See Hanna, 380 U.S. at 464; see, e.g., Naranjo v. The Salvation Army, 2006 WL 2711690, at *3 (N.D. Cal. 2006) (holding California Code of Civil Procedure § 425.14, which sets forth

5

1 requirement that party obtain court approval prior to seeking punitive damages from
2 religious organizations, is procedural in nature because it neither contains substantive
3 elements of punitive damages claim nor limits recovery in any way); Jackson v. East Bay
4 Hospital, 980 F.Supp. 1341, 1352 (N.D. Cal. 1997) (holding California Civil Code § 425.13
5 to be procedural; finding statute's requirement that party obtain court approval prior to
6 seeking punitive damages against health care provider constitutes, in essence, "method for
7 managing or directing a plaintiff's pleadings, rather than a determination of substantive
8 rights").

9       In light of the above-cited authorities, the Court finds § 1714.10(a) to be procedural
10 in nature. As the California Court of Appeal has observed, the legislative purpose of
11 § 1714.10 is to "eliminate frivolous allegations that attorneys have conspired with their
12 clients," see Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, et al., 107
13 Cal. App. 4th 54, 83 (2003), which purpose is "served by . . . a prefiling procedure to
14 determine whether the proposed conspiracy pleading is legally sufficient, and whether it is
15 supported by a sufficient prima facie showing of facts to sustain a favorable decision if the
16 evidence submitted by the petitioner is credited," see id. (emphasis added); see also
17 Pavicich v. Santucci, 85 Cal. App. 4th 382, 394 (2000) ("Section 1714.10's procedural
18 hurdle seems aimed at situations where the attorney is acting in his or her official
19 capacity.") (emphasis added).

20       Accordingly, plaintiffs are not barred from bringing their claims herein by reason of
21 any failure to comply with the requirements of §1714.10.

22 **B. Section 47(c) Privilege**

23       Schwartz further argues that all of the communications referenced by plaintiffs in the
24 SAC are privileged under California Civil Code § 47(c).[2] (See Motion at 8.) Schwartz,

---

[2] Section 47(c), in relevant part, provides: "A privileged publication or broadcast is one made . . . [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." See Cal. Civ. Code § 47(c).

however, cites no case holding federal claims of the nature alleged herein are subject to dismissal under § 47(c), and as noted in the Court's Order Granting in Part and Denying in Part EFI and Alboff's Motion to Dismiss ("EFI/Alboff Order"), filed concurrently herewith, the Court has located no case in which § 47(c) has been held to bar a federal claim. (See EFI/Alboff Order at 6.)

With respect to plaintiffs' state law claim, § 47(c) is applicable unless the publication or broadcast is made with malice. See Cal. Civ. Code § 47(c). "Malice," within the meaning of § 47(c), is "established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." See Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003). If "malice is shown, the privilege is not merely overcome; it never arises in the first instance." See id. at 1368 (internal quotation and citation omitted).

Here, plaintiffs allege that Schwartz and Nicolai agreed to ascribe a false origin to the fire. Consequently, plaintiffs have sufficiently alleged that the communications at issue were motivated by malice. See id. at 1370.

Accordingly, Schwartz is not entitled to dismissal predicated on the privilege provided in § 47(c).

**C. Civil Rights Violations**

With respect to plaintiffs' civil rights claims, Schwartz argues that (1) plaintiffs fail to state a cause of action under §§ 1981, 1982 and 3604 because plaintiffs have no "contract or property interest with" Schwartz, (see Motion at 9), and (2) the § 1985 claim fails because plaintiffs have not alleged a right protected by that statute, (see id. at 10-12).

First, as discussed in the EFI/Alboff Order, persons other than parties to a contract may be held liable under § 1981. (See EFI/Alboff Order at 7-8); see also Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1313 (9th Cir. 1992) ("[C]ourts have not imposed a privity of contract type requirement that would otherwise protect third parties from section 1981 liability."). Accordingly, plaintiffs have adequately pleaded a claim against Schwartz

7

under § 1981.

With respect to plaintiffs' claim under § 1982, as discussed in the EFI/Alboff Order, plaintiffs need not allege that Schwartz was involved in plaintiffs' inheritance, purchase, lease, sale, holding or conveyance of the Lakeview Property; plaintiffs need allege only that Schwartz impaired a real or personal property interest owned by plaintiffs. (See EFI/Alboff Order at 8-9); see also City of Memphis v. Greene, 451 U.S. 100, 122 (1981) (noting insurance contracts have been held to constitute property for purposes of § 1982). Here, plaintiffs base their § 1982 claim on defendants' interference with their interest in the Policy, i.e., Allstate's promise to pay benefits. (See SAC ¶¶ 38, 39.) As noted above, plaintiffs allege that Schwartz participated in the racially-motivated impairment of said property interest by ascribing a false origin to the fire and falsely reporting that certain individuals had accused LaRell Franklin of arson. (See id. ¶¶ 17, 18.) Accordingly, the Court finds plaintiffs have adequately pleaded a claim against Schwartz under § 1982.

Next, under § 3604, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." See 42 U.S.C. § 3604(b). Plaintiffs allege the racially-discriminatory denial of a homeowner's insurance claim violates the Fair Housing Act because such insurance permits the homeowner to rebuild and sell a home previously damaged. (See SAC ¶ 44.) Schwartz fails to address why his alleged participation in the racially discriminatory denial of plaintiffs' insurance claim does not violate § 3604.

Finally, Schwartz argues that § 1985 "does not apply to private contracts or rights created by statutes." (See Motion at 10.) In that regard, Schwartz relies on Benton v. Cousins Prop., 230 F. Supp. 2d 1351 (N.D. Ga. 2002), in which the district court refused to recognize a statutory right under § 1981 as a basis for a claim under § 1985(3), noting the Supreme Court to date has recognized only two rights protected against interference under § 1985(3), namely, the right to be free from involuntary servitude and the right to interstate travel. See id. at 1383-84.

It is not clear, however, that the Supreme Court intended to restrict the application of § 1985(3) only to those rights.  See, e.g., Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 298 (1983) (Souter, J., concurring in part and dissenting in part) ("[I]f Congress had meant to protect no federal constitutional rights outside those protected by the Thirteenth Amendment, it is hard to see why the drafters would not simply have said so, just as in the third and fourth clauses of § 1985(3). . . .").  In the absence of such restriction, and as discussed in the EFI/Alboff Order, plaintiffs have alleged sufficient facts to support a § 1985 claim.  (See EFI/Alboff Order at 10-13.)

Accordingly, Schwartz is not entitled to dismissal of plaintiffs' claims alleging violations of §§ 1981, 1982, 1985 and 3604.

**D. Interference with Prospective Economic Advantage**

Schwartz moves to dismiss plaintiffs' claim for conspiracy to interfere and interference with prospective economic advantage, on the ground plaintiffs fail to allege an economic relationship between plaintiffs and Schwartz and fail to set forth a nonconclusory factual basis for their allegations of conspiracy.  (See Motion at 18.)  Schwartz further argues, citing Los Angeles Airways, Inc. v. Davis, 687 F.2d 321 (9th Cir. 1982), that even if plaintiffs' allegations are sufficient, an attorney cannot, under the circumstances alleged, be held liable for interference.

As set forth in the EFI/Alboff Order, plaintiffs have adequately pleaded a claim for interference with LaRell Franklin's contractual relationship with Allstate.  (See EFI/Alboff Order at 13-14.)  With respect to Schwartz, plaintiffs' allegations as to the actions Schwartz took during the course of the investigation, coupled with the allegations as to Schwartz's use of derogatory language, are sufficient to plead Schwartz's participation in the alleged conspiracy to interfere.  As Schwartz points out, however, only LaRell Franklin is a party to the contract at issue.  Consequently, Schwartz is entitled to dismissal of plaintiffs' claim for interference with that economic relationship to the extent such claim is brought on behalf of any plaintiff other than LaRell Franklin.  See, e.g., Hatchwell v. Blue Shield of California, 198 Cal. App. 3d 1027, 1034 (1988) (holding "[s]omeone who is not a party to the contract

9

1  has no standing to enforce the contract or to recover extra-contract damages for wrongful
2  withholding of benefits to the contracting party"; applying principle to tort claim based on
3  breach of contract).

4  As noted, Schwartz further argues that Davis bars any cause of action for
5  interference as against Schwartz. (See Motion at 19.) In Davis, the Ninth Circuit held that
6  an attorney business advisor's conduct in inducing his corporation to breach its contract
7  was privileged. See Davis, 687 F.2d at 328. "The privilege exists when [an agent] induces
8  [his principal's] breach of contract through lawful means in order to protect an interest that
9  has greater social value than the mere stability of the particular contract in question." Id. at
10 325. Although "a person is not justified in inducing a contract simply because he . . . seeks
11 to further his own economic advantage at the expense of the other," see Olivet v.
12 Frishchling, 104 Cal. App. 3d 831, 840 (1980), "where . . . an advisor is motivated in part by
13 a desire to benefit his principal, his conduct in inducing a breach of contract should be
14 privileged," see Davis, 687 F.2d at 328.

15 Here, plaintiffs allege that Schwartz was Allstate's "investigation counsel" and that
16 he drafted the claim denial letter. (See SAC ¶¶ 14, 16.) Although there is no indication in
17 the SAC that Schwartz acted solely out of self-interest, plaintiffs, as noted, allege that
18 Schwartz was motivated by a racially-discriminatory animus. Under such circumstances, it
19 cannot be said that Schwartz acted "through lawful means," see Davis, 687 F.2d at 325, or
20 that the interest Schwartz sought to protect had "a greater social value," see id., than the
21 stability of the contract at issue.

22 Accordingly, Schwartz is not entitled to dismissal of plaintiffs' sixth claim to the
23 extent it pleads interference with a contractual relationship on behalf of LaRell Franklin. As
24 discussed in the EFI/Alboff Order, however, Schwartz is entitled to dismissal of the sixth
25 claim, as to all plaintiffs, to the extent it is based on interference with plaintiffs' inheritance.
26 (See EFI/Alboff Order at 14.)

27 **CONCLUSION**

28 For the reasons set forth above, Schwartz's motion to dismiss is hereby GRANTED

with respect to plaintiffs' claim for conspiracy to interfere and interference with plaintiffs' prospective economic advantage to the extent such claim is brought on behalf of any plaintiff other than LaRell Franklin and GRANTED with respect to plaintiffs' claim for conspiracy to interfere and interference with their right to inherit; in all other respects the motion is hereby DENIED and the motion for a more definite statement is hereby DENIED.

This order terminates Docket No. 72.

**IT IS SO ORDERED.**

Dated: July 3, 2007

MAXINE M. CHESNEY
United States District Judge