United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN et al., | No. C-06-1909 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ALLSTATE, PARDI, RENEY, ASPERGREN AND NICOLAI'S MOTION TO DISMISS AND TO STRIKE** |
| v. | |
| ALLSTATE CORPORATION et al., | |
| Defendants. | (Docket No. 77) |

Before the Court is the motion ("Motion") filed July 28, 2006 by defendants Allstate Insurance Company ("Allstate"), and Kathie Pardi ("Pardi"), Richard K. Reney ("Reney"), Andrew Aspergren ("Aspergren") and Nicki Nicolai ("Nicolai") (collectively "Individual Defendants") to dismiss the claims asserted against them in plaintiffs' Second Amended Complaint ("SAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike paragraph 2 of the SAC, pursuant to Rule 12(f). Plaintiffs[1] have filed opposition to the motion. Allstate and the Individual Defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and rules as follows.

---

[1] Plaintiffs are "LaRell Franklin, individually and as executor and testamentary trustee of the Estate of Maggie Ivory, LaRon Franklin, Deborah Spade, Lisa Lemmons, Dorothy Sewell, as guardian of the estate of her wards, Amber Franklin, Deaneer Franklin and Coti Alexander." (See SAC ¶ 2.)

**BACKGROUND**

The instant action arises out of an insurance dispute over coverage for fire damage to residential property at 778 Lakeview Avenue in San Francisco ("Lakeview Property").

According to plaintiffs, a fire occurred on March 1, 2005 around 4:00 p.m. at the Lakeview Property. (See SAC ¶ 8.) Plaintiffs allege that Allstate originally issued an insurance policy covering the Lakeview Property to decedent Maggie Ivory ("Ivory") in 1992. (See id. ¶ 4.) After Ivory's death, LaRell Franklin was appointed executor of the Ivory estate and the subject policy, Allstate Insurance Company Deluxe Plus Homeowners Policy No. 37300564 ("Policy"), was reissued to him on September 5, 2004 as personal representative of the Ivory estate. (See id. ¶ 4 and Ex. A.) On November 25, 2004, the Policy was amended to change the named insured to "LaRell Franklin, a single man." (See id. ¶ 5 and Ex. A.)

After the fire, LaRell Franklin filed a claim for benefits under the Policy. (See id. ¶ 12.) Plaintiffs allege that Allstate's representative Pardi, in a letter dated March 2, 2005, acknowledged LaRell Franklin's filing of a fire loss claim, and provided him with copies of § 790.03 of the California Insurance Code and the Fair Claims Settlement Practices Regulations. (See id. ¶ 32.) Plaintiffs further allege that Pardi notified LaRell Franklin of an insurer's obligation to provide claimants with copies of claim related documents and the claimant's right to select "a repair individual or entity," and that Pardi specifically informed LaRell Franklin that he was eligible for temporary repairs coverage. (See id.) Plaintiffs allege Allstate nonetheless failed to provide the temporary repairs coverage. (See id. ¶ 33.) In particular, Pardi, Reney, Aspergren and Nicolai are alleged to have ignored LaRell Franklin's private adjuster Gary Grant's demands for prompt arrangements of temporary repairs, knowing that such delay would cause the Lakeview Property to depreciate substantially in value and ultimately become uninhabitable. (See id. ¶¶ 33, 34.)

Thereafter, plaintiffs allege, Allstate, in a letter dated March 10, 2006 and signed by Nicolai, denied the claim. (See id. ¶¶ 12, 16 and Ex. B.) In said letter, Allstate concluded that "the insured[ ] violated the 'Concealment or Fraud' provision of the policy by setting fire

to the house; submitting a false claim and testifying falsely regarding the fire and the claim at [his] examinations under oath . . . [and] violated the 'What You Must Do After A Loss' and 'Suit Against Us' provisions of the policy." (See id. ¶ 16 and Ex. B at 1.)

According to plaintiffs, Allstate's counsel, Scott D. Schwartz ("Schwartz"), drafted the claim denial letter and agreed with Nicolai and investigator George Alboff and EFI Global, Inc. (collectively, "EFI/Alboff") to ascribe a false and pretextual origin and cause to the fire. (See id. ¶ 17.) In particular, plaintiffs allege that Schwartz agreed with Roy Granlund ("Granlund") to report the false facts to Nicolai that LaRell Franklin was seen watching the Lakeview Property burn from a hill behind the house, and that Dorothy Sewell and her sister Yvonne Sewell had accused LaRell Franklin of committing arson and defrauding the heirs. (See id.¶¶ 17, 26.) Plaintiffs further contend that Schwartz, Nicolai, EFI/Alboff and Granlund knew the foregoing facts were false but disregarded the falsity in order to deny plaintiffs' fire loss claim. (See id. ¶ 17.)

In addition, plaintiffs allege that Schwartz agreed with Nicolai to deny the fire loss claim on the basis of plaintiffs' drug convictions and criminal offense histories. (See id. ¶¶ 18, 22.) Further, according to plaintiffs, both Schwartz and Nicolai, on August 5, 2005, greeted LaRell and LaRon Franklin with "facial expressions of disdain and contempt," (see id. ¶ 21), and that while waiting in an office near LaRell Franklin's deposition room, LaRon Franklin heard Schwartz mutter the "n" word. (See id.) Plaintiffs, who are African-American, (see id. ¶¶ 31, 38), allege that Allstate's denial of their claim was motivated by racially-discriminatory animus. (See id. ¶ 18).

Finally, plaintiffs allege that Schwartz, Nicolai, Aspergren and Reney deliberately delayed a claim decision so that plaintiffs' living expense policy benefits would expire, thus allowing Allstate's agent CRS Temporary Housing ("CRS") to evict LaRell Franklin, LaRon Franklin, Deborah Spade and Lisa Lemmons from the replacement housing they had been occupying since March 7, 2005. (See id. ¶¶ 29, 35, 38, 39.) Plaintiffs contend they were evicted due to racial animus on the part of Allstate, Pardi, Nicolai, Schwartz, Reney, Aspergren, EFI/Alboff and Granlund. (See id. ¶ 40.)

Plaintiffs assert causes of action against Allstate and the Individual Defendants for (1) conspiracy to violate and violation of 42 U.S.C. § 1981 (First Claim); (2) conspiracy to violate and violation of 42 U.S.C. § 1982 (Second Claim); (3) conspiracy to violate and violation of 42 U.S.C. § 3604 (Third Claim); (4) violation of 42 U.S.C. § 1985 (Fourth Claim); and (5) conspiracy to interfere and interference with prospective economic advantage and right to inherit under California state law (Sixth Claim). Additionally, plaintiffs assert against Allstate a cause of action under state law for conspiracy to violate and violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 52) (Fifth Claim). Lastly, LaRell Franklin asserts a cause of action against Allstate for insurance bad faith and libel (Seventh Claim).

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id.

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14

4

F.3d 449, 454 (9th Cir. 1994).  In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint.  See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint.  See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the facts alleged, need not be accepted as true.  See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965 (internal quotation and citation omitted).

**DISCUSSION**

**A. Liability of Individual Defendants**

Allstate and the Individual Defendants, relying on Mercado v. Allstate Ins. Co., 340 F.3d 824 (9th Cir. 2003), first argue that "a claim adjuster is not personally liable to an insured, under any theory, for acts undertaken within the course and scope of his or her employment." (See Motion at 4.)  Mercado, however, and the cases cited therein, concern state law tort claims.  See Mercado, 340 F.3d at 825-26.  Allstate and the Individual Defendants fail to cite any case applying the agency principle in Mercado to civil rights claims, and the Court has located none.  Thus, the Individual Defendants are not entitled to

// 
// 
// 

5

predicate dismissal of plaintiffs' civil rights claims on the reasoning set forth in Mercado.[2]

**B. Conspiracy Claims**

Allstate and the Individual Defendants further argue that all of plaintiffs' conspiracy claims should be dismissed because (1) an agent cannot conspire with its principal, and (2) plaintiffs' conspiracy allegations are conclusory. (See Motion 5:20-8:14.)

The "intra-corporate conspiracy doctrine" holds that "a corporation or enterprise cannot conspire with its agents acting within the scope of their employment." See Washington v. Duty Free Shoppers, 696 F. Supp. 1323, 1325 (N.D. Cal. 1988). The Ninth Circuit has expressly declined to resolve the question of whether the intra-corporate conspiracy doctrine applies to conspiracy claims brought under civil rights statutes. See Portman v. County of Santa Clara, 995 F.2d 898, 910 (9th Cir. 1993). As discussed in the Court's Order Granting In Part and Denying In Part EFI And Alboff's Motion To Dismiss ("EFI/Alboff Order"), filed concurrently herewith, the Circuit Courts of Appeals, as well as the district courts in the Ninth Circuit, are split on the issue. (See EFI/Alboff Order at 12.)

Here, although the conduct of the Individual Defendants on which plaintiffs rely is alleged to have occurred in the course of such defendants' handling of the fire loss claim, (see SAC ¶¶ 29, 32, 33), plaintiffs further allege that all such conduct was motivated by racial animus, (see id. ¶ 40). At least four circuits, and several district courts in the Ninth Circuit, have found that where an employee is engaged in racial discrimination, such employee acts outside the scope of his business authority and thus is no longer acting as an agent of the corporation. See Portman, 995 F.2d 898 at 910; see also Hoefer v. Fluor Daniel, Inc., 92 F.Supp.2d 1055, 1058 n.5 (N.D. Cal. 2000). This Court agrees and, accordingly, finds the intra-corporate conspiracy doctrine inapplicable under the facts

/ /

/ /

---

[2] The Court addresses infra, the issue of the Individual Defendants' liability, as agents, in connection with plaintiffs' claim for conspiracy to interfere and interference with prospective economic advantage and right to inherit.

alleged in the SAC.[3]

Allstate and the Individual Defendants argue that plaintiffs' conspiracy allegations are too conclusory to state a claim. (See Motion 7:9-8:14.) As the Court noted in the EFI/Alboff Order, although a "mere allegation of conspiracy without factual specificity is insufficient," there is "no requirement . . . that a plaintiff allege specific facts with respect to how the alleged conspiracy was formed; it is sufficient to allege facts from which the existence of a conspiracy may be inferred." (See EFI/Alboff Order at 10-11.) Here, plaintiffs allege a conspiracy "to discriminate on the basis of race to deny the fire loss claim for pretextual and false reasons." (See SAC ¶ 16.) In support thereof, plaintiffs allege that Pardi made false statements to LaRell Franklin about Allstate's intentions of "providing prompt, fair claims handling" of the fire loss claim, (see SAC ¶ 32), and that Pardi, Reney, Aspergren and Nicolai ignored LaRell Franklin's private adjuster's demands that Allstate make temporary repairs of the smoke damaged area, (see id. ¶ 33). Plaintiffs further allege that Reney, Aspergren and Nicolai refused to obtain repair and replacement estimates and other information, (see id.), and that Nicolai purposefully delayed the claim investigation and deliberately delayed a claim decision so that the living-expense benefits under the Policy would expire, (see id. ¶ 35). Additionally, LaRon Franklin is alleged to have heard Schwartz, an alleged co-conspirator, mutter the "n" word. (See id. ¶ 21). The Court finds plaintiffs' allegations suffice to support the conspiracy claims in the first through sixth claims of the SAC.

Accordingly, Allstate and the Individual Defendants are not entitled to dismissal of plaintiffs' conspiracy claims.

**C. Standing**

Allstate and the Individual Defendants, relying on Hatchwell v. Blue Shield of California, 198 Cal. App. 3d 1027 (1988) and Austero v. Nat. Ca. Co., 62 Cal. App. 3d 511 (1976), contend that none of the plaintiffs other than LaRell Franklin has standing to bring

---

[3]Moreover, Nicolai is alleged to have conspired with both Schwartz and EFI/Alboff (see id. ¶ 17), neither of whom is subject to the intra-corporate conspiracy doctrine.

7

1  any claim in this case because no such plaintiff is a party to the insurance policy at issue.
2  (See Motion at 8:15:9:16.)   Neither of said cases, however, imposed a privity requirement
3  for civil rights claims arising out of contract disputes.  See Hatchwell, 198 Cal. App. 3d at
4  1304 (holding in insurance bad faith action based on insurer's refusal to pay medical
5  benefits to husband policy-holder, wife had no standing to sue "to enforce the contract or to
6  recover extra-contract damages"); Austero, 62 Cal. App. 3d at 517-18 (holding in bad faith
7  action based on insurer's refusal to pay disability benefits to husband policy-holder, wife
8  had no standing to enforce contract; noting wife was "at most an incidental or remote
9  beneficiary").

10  Article III constitutional standing requirements are satisfied when a plaintiff "show[s]
11  that he personally has suffered some actual or threatened injury as a result of the putatively
12  illegal conduct of the defendant, and that the injury fairly can be traced to the challenged
13  action and is likely to be redressed by a favorable decision."  See Valley Forge Christian
14  College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472
15  (1982) (internal quotations and citations omitted).  The federal courts have broadly
16  construed standing under civil rights statutes and the Fair Housing Act ("FHA").  See, e.g.,
17  Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209 (1972) (holding Congress
18  intended to define standing under civil rights statutes "as broadly as is permitted by Article
19  III of the Constitution" (internal quotation and citation omitted)); Havens Realty Corp. v.
20  Coleman, 455 U.S. 363, 372 (1982) (holding sole requirement for standing to sue under
21  FHA is "Article III minima of injury in fact"); Phiffer v. Proud Parrot Motor Hotel, Inc., 648
22  F.2d 548, 552 (9th Cir. 1980) (holding wife who accompanied husband at time of motel
23  operator's asserted refusal to rent office to husband because of his race had standing to
24  sue under § 1982 and Title VIII); Payne v. Anaheim Memorial Medical Center, Inc., 130
25  Cal. App. 4th 729, 733, 745-46 (2005) (holding physician had standing under Unruh Act to
26  challenge hospital's asserted provision of lower standard of care to physician's minority
27  patients).

28  In the instant case, plaintiffs unequivocally allege that "[e]ach Plaintiff was . . .

8

1 economically injured and suffered actual damages by Allstate's denial of the fire loss claim
2 and eviction," and that "all Plaintiffs are suffering severe emotional distress based upon
3 Allstate's racially-motivated policies and unreasonable refusal to pay the Lakeview fire loss
4 claim." (See SAC ¶ 42.)  The Court finds plaintiffs have sufficiently pleaded standing to sue
5 with respect to their statutory claims.  Accordingly, with respect to those claims, Allstate
6 and the Individual Defendants are not entitled to dismissal based on lack of standing.[4]

**D. Libel**

Allstate contends that LaRell Franklin fails to state a libel claim because the alleged communication does not constitute a publication and, even if it does, the communication is privileged under California Civil Code § 47(c).  Under California law, "[l]ibel is a false and unprivileged publication by writing, . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."  See Cal. Civ. Code § 45.  Thus, to state a claim for libel, a plaintiff "must establish 'the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.'"  See Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006) (quoting Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999)).  Publication means "'communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made.'"  Id.

LaRell Franklin alleges the claim denial letter, signed by Nicolai on March 10, 2006, contains false and defamatory statements, specifically, that he "violated the 'Concealment or Fraud' provision of the policy by setting fire to the house [and] submitting a false claim and testifying falsely regarding the fire and the claim at [Plaintiffs'] examinations under oath."  (See SAC ¶ 51 (alteration in original) and Ex. B.)  The letter was addressed to LaRell Franklin's attorney, Richard A. Canatella.  (See SAC Ex. B.)

---

[4] In light of the ruling, infra, with respect to plaintiffs' claim for interference with prospective economic advantage and right to inherit, the Court does not decide the issue of standing as to said claims, and, as noted, only LaRell Franklin has asserted a claim for insurance bad faith and libel.

9

1    As an initial matter, Allstate argues that a letter to LaRell Franklin's authorized
2 representative is not a communication made to a third person. (See Motion at 11.) Allstate
3 cites no authority in support of this argument, and case law suggests the contrary. See
4 Moore v. Greene, 431 F.2d 584, 593 (9th Cir. 1970) (holding jury properly determined letter
5 from defendant to plaintiff's attorney to be actionable libel); see also Morales v. Coastside
6 Scavenger Co., 167 Cal. App. 3d 731, 735 (1985) (reaching issue of whether letter from
7 defendant to defendant's labor lawyer constituted statement of fact or only non-libelous
8 opinion).

9    Allstate next argues that the statements in the claim denial letter are privileged under
10 California Civil Code § 47(c). Section 47(c) provides, in pertinent part: "A privileged
11 publication or broadcast is one made . . . [i]n a communication, without malice, to a person
12 interested therein . . . by one who is also interested." See Cal. Civ. Code § 47(c). Here,
13 Allstate and Canatella, LaRell Franklin's attorney, share a common interest in the outcome
14 of LaRell Franklin's fire loss claim. See, e.g., Williams v. Taylor, 129 Cal. App. 3d 745, 752
15 (1982) (holding § 47 privilege applicable where defendant automobile body shop made, to
16 claims adjuster with whom body shop did business, statements concerning plaintiff body
17 shop manager's termination for irregularities in records concerning work done).
18 Accordingly, the Court turns to the remaining requirement under § 47(c), lack of malice.

19    LaRell Franklin bears the burden of showing the statements were made with malice.
20 See Lundquist v. Reusser, 7 Cal. 4th 1193, 1208 (1994). "Malice," within the meaning of
21 § 47(c), is "'established by a showing that the publication was motivated by hatred or ill will
22 towards the plaintiff or by a showing that the defendant lacked reasonable grounds for
23 belief in the truth of the publication and therefore acted in reckless disregard of the
24 plaintiff's rights.'" See Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370
25 (2003) (quoting Sanborn v. Chronicle Pub. Co., 18 Cal. 3d 406, 413 (1976)) (emphasis in
26 original). "In demonstrating reckless disregard, it is not sufficient that the statements are
27 shown to be inaccurate, or even unreasonable. Only willful falsity or recklessness will
28 suffice." See Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1202 (9th Cir. 2001) (internal

quotation and citation omitted).

Here, LaRell Franklin alleges that Allstate and each of the Individual Defendants was motivated by a racially-discriminatory animus, (see e.g., SAC ¶ 40), and that Nicolai, in particular, agreed with Schwartz and EFI/Alboff to ascribe a false and pretextual origin to the fire, (see id. ¶ 17). Consequently, LaRell Franklin has adequately alleged malice.

Accordingly, Allstate and the Individual Defendants are not entitled to dismissal of the libel claim.

### E. Interference with Prospective Economic Advantage and Right to Inherit

Allstate and the Individual Defendants move to dismiss plaintiffs' claim for interference with prospective economic advantage and right to inherit. (See Motion at 10-11.) First, as said defendants point out, a party to a contract cannot be held liable for interfering with that contract. See Kasperian v. County of Los Angeles, 38 Cal. App. 4th 242, 262-63 (1994) (holding remedy against party to contract is action for breach of contract, not tort claim for interference; noting plaintiff cannot avoid such ruling by pleading conspiracy) (citing Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503 (1994)). Accordingly, Allstate is entitled to dismissal of this claim. Further, the Individual Defendants, all alleged to be corporate employees acting on behalf of their corporate principal, "cannot be held liable for inducing a breach of the corporation's contract." See Shoemaker v. Meyers, 52 Cal. 3d 1, 24 (1990). Accordingly, the Individual Defendants likewise are entitled to dismissal of this claim.[5]

### F.  Motion to Strike

Finally, Allstate and the Individual Defendants move to strike paragraph 2 of the SAC pursuant to Rule 12(f), on the ground such paragraph, which purports to set forth a summary of the claims, is in fact not consistent with the remainder of the SAC. (See Motion at 12.) In particular, as Allstate and the Individual Defendants point out, paragraph 2 erroneously states the SAC alleges a fraud claim against Allstate, Nocolai and Schwartz,

---

[5] To the extent plaintiffs' claim is based on interference with their right to inherit, such claim is subject to dismissal for the additional reasons set forth in the EFI/Alboff Order.

11

whereas the Eighth Claim is alleged only against Accredited Home Lenders, Inc. ("Accredited"). (See SAC ¶ 52.)[6] Plaintiffs have not responded to the motion to strike in their opposition. Generally, motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. See Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). Here, given the clear inconsistency between the introductory paragraph and the actual claim as alleged, the motion will be granted to the extent of such inconsistency. Specifically, the Court will strike the words "and Allstate, Nicolai, and Schwartz" at page 2, line 9.

## CONCLUSION

For the reasons set forth above, Allstate and the Individual Defendants' motion to dismiss is hereby GRANTED with respect to plaintiffs' claim for conspiracy to interfere and interference with prospective economic advantage and right to inherit; in all other respects, the motion to dismiss is hereby DENIED. Allstate and the Individual Defendant's motion to strike paragraph 2 of the SAC is hereby GRANTED to the extent paragraph 2 includes at page 2, line 9 the words "and Allstate, Nicolai, and Schwartz," and such text is hereby STRICKEN.

This order terminates Docket No. 77.

**IT IS SO ORDERED.**

Dated: July 3, 2007

MAXINE M. CHESNEY
United States District Judge

---

[6]The caption of the Eighth Claim states the claim is brought against both Accredited and Countrywide Home Loans, Inc. (see SAC at 24:1-2); the body of the claim, however, alleges a violation only by Accredited, (see id. ¶ 52).