IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN, et al., | No. C-06-1909 MMC |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO ENTER DEFAULT OF ROY GRANLUND; VACATING HEARING** |
| v. | |
| ALLSTATE CORPORATION, et al., | (Docket No. 118) |
| Defendants | |

Before the Court is the motion filed July 27, 2007 by plaintiffs LaRell Franklin, et al., (collectively "Franklin") to enter default against defendant Roy Granlund ("Granlund"). To date, Granlund has not filed opposition to the motion. Having considered the papers filed in support of the motion, the Court finds the matter appropriate for decision without oral argument, see Civ. L.R. 7-1(b), hereby VACATES the August 31, 2007 hearing, and rules as follows.

**BACKGROUND**

On March 13, 2006, Franklin filed the instant action, alleging claims of federal and state civil rights violations and state law insurance bad faith against Allstate Insurance Company and other defendants, including Granlund. On April 6, 2006, Franklin filed an amended complaint. On July 11, 2006, Franklin filed a second amended complaint.

On August 11, 2006, Franklin filed an application for entry of clerk's default against

Granlund pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On November 15, 2006, the Clerk declined entry of default against Granlund.

On July 27, 2007, Franklin filed the instant motion to enter default against Granlund.

**DISCUSSION**

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default against a party who "has failed to plead or otherwise defend." See Fed. R. Civ. P. 55(a). To date, Granlund has not appeared in the instant action.

To obtain entry of default, the plaintiff must show the defendant was properly served as provided in Rule 4 of the Federal Rules of Civil Procedure. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1991) (holding where service is not properly effected, any default entered "is void"); Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4."). Rule 4 of the Federal Rules of Civil Procedure provides for several methods of service, including any method authorized "pursuant to the law of the state in which the district court is located." See Fed. R. Civ. P. 4(e)(1).

Here, Franklin contends Granlund was served pursuant to California Code of Civil Procedure § 415.20. Section 415.20 provides that "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered," substitute service may be effected "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode . . . or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his . . . usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." See Cal. Code Civ. Proc. § 415.20(b).

According to the proof of service, the original summons, first amended complaint, and related documents were personally delivered on June 17, 2006 to Granlund's ex-wife,

Terri Granlund, at 6311 Shorewood Court in Pleasanton, California, and thereafter copies of the same documents were mailed to Granlund at the same address. (See Proof of Service, filed July 13, 2006.)[1] The proof of service also provides, however, that during an earlier attempt at serving Granlund, on May 24, 2006, the process server spoke to Granlund's minor daughter at the above-referenced address, who informed him that Granlund no longer lived at that address. (See id.) The daughter did not provide the process server with Granlund's forwarding address. (See id.) Nonetheless, on seven subsequent occasions, the process server returned to 6311 Shorewood Court to attempt to serve Granlund, (see id.), and, on June 17, 2006, the process server, as noted, delivered the documents to Terri Granlund, Granlund's ex-wife, at that address. (See id.) There is no indication in the proof of service that Terri Granlund told the process server that Granlund lived or received mail at that address.

   Franklin's counsel states that "[t]here is no dispute that Roy Granlund did reside at 6311 Shorewood Court, since counsel was assured that the address was cross-referenced by the process server to Granlund's advertised post office box." (See Canatella Decl. ¶ 6.) Such "assurance," whatever its meaning may be, fails to demonstrate that the above-referenced Pleasanton address is Granlund's "dwelling place, usual place of abode . . . or usual mailing address," see Cal. Code Civ. Proc. § 415.20(b), and, in any event, constitutes inadmissible hearsay.[2] Accordingly, Franklin has not demonstrated service upon Granlund pursuant to California Code of Civil Procedure § 415.20(b).[3]

---

[1] On July 11, 2006, Franklin mailed the second amended complaint to 6311 Shorewood Court. If the above-referenced delivery of the first amended complaint sufficed to effectuate service in the first instance, then mailed service of the second amended complaint would be sufficient. See Fed. R. Civ. P. 5(a).

[2] Counsel also asserts the mailed copies "were not returned to sender," (see Canatella Decl. ¶ 6), but cites no authority suggesting that any relevant inference can be drawn therefrom.

[3] For the same reason, Franklin has not demonstrated "reasonable diligence." As noted, § 415.20(b) provides for substitute service only after service by personal delivery cannot with "reasonable diligence" be accomplished. See Cal. Code Civ. Proc. § 415.20(b). Two or three attempts at personal service may satisfy the requirement of reasonable diligence, if the method of service is "reasonably calculated to provide . . .

**CONCLUSION**

For the reasons set forth above, the Court hereby DENIES Franklin's motion to enter default against defendant Granlund.

**IT IS SO ORDERED.**

Dated: August 31, 2007

MAXINE M. CHESNEY
United States District Judge

---

actual notice of the action." See Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392 (1988). Here, however, Franklin has not established reasonable diligence because he has not demonstrated that Granlund lived at 6311 Shorewood Court or used that address as his usual mailing address and, consequently, has not demonstrated that his attempts to serve Granlund at that address were reasonably calculated to provide Granlund with actual notice of the instant action.