**United States District Court**

**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALLSTATE CORPORATION et al.,<br><br>    Defendant<br>_____/ | No. C-06-1909 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO WITHDRAW PETITION, FOR LEAVE TO FILE AMENDED PETITION, AND FOR LEAVE TO FILE DOCUMENT UNDER SEAL; GRANTING LEAVE TO FILE SECOND AMENDED PETITION; VACATING HEARING; DIRECTIONS TO CLERK** |

     Before the Court is plaintiff LaRell Franklin's administrative motion, filed November 28, 2007, by which plaintiff seeks leave to withdraw his Petition for Approval of Minors' Compromise ("Petition"), for the reason that Exhibit A to the Petition, a confidential Settlement and Release Agreement ("Settlement Agreement"), should have been filed under seal. Plaintiff further requests leave to file an Amended Petition, omitting the Settlement Agreement as an exhibit, as well as leave to file a copy of the Settlement Agreement under seal.[1] Having read and considered plaintiff's motion, the Court rules as follows.

     Plaintiff has shown he was in error in filing the Settlement Agreement in the public

---

[1] In connection with said motion, plaintiff filed the Amended Petition on November 28, 2007.

docket, and, accordingly, the Court will permit plaintiff to withdraw the Petition and exhibits thereto.  The Court notes, however, that the Amended Petition does not comply with the privacy provisions of the Civil Local Rules of this District, in that it contains "personal data identifiers" not permitted in public filings.  See Civil L.R. 3-17.  In particular, Exhibit B to the Amended Petition includes social security numbers, see Civil L.R. 3-17(a)(1) ("If an individual's social security number must be included in a pleading or other paper filed in the public file, only the last four digits of that number should be used.") and financial account numbers, see Civil L.R. 3-17(a)(4) ("If financial account numbers are relevant, only the last four digits of these numbers should be included in a pleading or other paper filed in the public file.")  Plaintiff's Amended Petition will be ordered removed from the public docket, and plaintiff will be afforded leave to file a Second Amended Petition.

With regard to plaintiff's request to file the Settlement Agreement under seal, plaintiff's assertion that the settlement agreement includes a nondisclosure provision is not sufficient to establish that the settlement agreement is subject to sealing.  See Civil L.R. 79-5 ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law.")  Accordingly, the Court will deny without prejudice plaintiff's request for leave to file the settlement agreement under seal.  If plaintiff wishes to pursue his request to file the Settlement Agreement under seal, plaintiff may file one or more declarations in support of such sealing; alternatively, plaintiff may choose to set forth in his Second Amended Petition those terms of the Settlement Agreement relevant to the minors' compromise, without filing the agreement itself.

Lastly, the Court notes, as set forth below, that both the Petition and Amended Petition (hereafter, collectively, "Petition") are deficient in a number of respects.

In the Petition, plaintiff seeks an order approving the compromise of the claims of two minor plaintiffs, Deaneer Franklin and Coti Alexander Franklin, as against Allstate Insurance Company, Kathi Pardi, Richard K. Reney, Andrew Aspergren and Nicki Nicolai, by payment of the sum of $10,000 to each of said minor plaintiffs from a settlement

between all plaintiffs and said defendants in the total amount of $150,000.

At the outset, the Court notes that the Petition fails to explain the discrepancy as to the names by which the latter of said two minor plaintiffs is identified in the Complaint and in the Petition (see, e.g., Compl. at 1:4, Pet. at 1:26; see also Settlement and Release Agreement at 1); fails to provide the respective ages of said minor plaintiffs; and fails to explain the absence from the proposed compromise of a third plaintiff, Amber Franklin, identified in the Complaint as a "ward" of plaintiff Dorothy Sewell (see Compl. at 1:3-4). Further, and of particular significance, the Petition fails to set forth the method by which the above-described allocation was made.  Additionally, the Court notes, the Petition is not brought by the minors' named Guardian, Dorothy Sewell, but, rather, by LaRell Franklin "for" said Guardian (see Pet. at 1:25); no explanation for such procedure has been provided.  In the absence of clarification with respect to the above-noted matters, the Court cannot evaluate the propriety of the proposed compromise in a meaningful manner.

Accordingly, for the reasons set forth above:

1. Plaintiff's administrative motion is hereby GRANTED IN PART and DENIED IN PART as follows.

   a. Plaintiff's Petition, filed November 9, 2007, and Amended Petition, filed November 28, 2007, and all exhibits thereto, are hereby ordered WITHDRAWN and REMOVED, respectively, from the public docket.

   b. Plaintiff is afforded leave to file, no later than December 14, 2007, a Second Amended Petition that complies with Rule 3-17 of the Civil Local Rules and cures the above-referenced deficiencies.

   c. Plaintiff's request for leave to file the Settlement Agreement under seal is hereby DENIED.

2. The December 14, 2007 hearing on the Petition is hereby VACATED.

3. The Clerk is hereby DIRECTED to remove the following electronically-filed

//

//

1  documents from the public docket: Docket Nos. 132 and 135.

2  **IT IS SO ORDERED.**

3  Dated: December 5, 2007                             _____
                                                       MAXINE M. CHESNEY
4                                                      United States District Judge