|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LARELL FRANKLIN, *et al.*, | No. C-06-1909 MMC (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DEPOSITION OF RICHARD CANATELLA; AND GRANTING PLAINTIFFS' MOTION FOR SANCTIONS** |
| ALLSTATE CORP., *et al.*, | |
| Defendants. | |
| _____/ | **(Docket Nos. 156, 168)** |

The motions came on for hearing on February 27, 2008. Having considered the papers and argument of counsel, and good cause appearing therefor, the Court hereby orders as follows.

As to the motion to compel, the parties agree that the matter of deposing opposing counsel is governed by *Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487 (1988). The proponent of the deposition of opposing counsel must demonstrate satisfaction of a three part test which includes showing that no other means exists to obtain the information, the information is crucial to preparation of the case and the information sought is relevant and non-privileged. *Id*. at 1494-95. The burden is on the proponent of such a deposition to overcome at least the first two prongs of the *Spectra-Physics* test, if not the entire presumptive privilege. *Nemirofsky v. Kim*, 523 F. Supp. 2d 998, (N.D. Cal. 2007). There are substantial policy reason for so allocating the burden given the potentially disruptive nature of such depositions and the risk of tactical abuse.

In this case, only in the context of moving to compel, did Defendants provide in any meaningful detail the nature of the information they seek from opposing counsel via his deposition. The matters on which they seek to depose Mr. Canatella (his communications with third parties, his

1 observations about the demeanor of Mr. Schwartz, etc.) appear not to implicate privilege
2 communications between Mr. Canatella and his client. Plaintiffs appear to concede that these
3 matters may be inquired into in a deposition consistent with *Spectra-Physics*.

4 The motion to compel is granted in part and denied in part. The parties are hereby ordered to
5 meet and confer. In that process, Defendants shall describe the subject areas of the proposed
6 depositions and the parties shall reach an understanding as to the propriety of those subjects under
7 *Spectra-Physics*. Mr. Canatella's deposition, so limited, shall proceed on March 3, 2008.

8 As to Plaintiffs' motion for sanctions, the Court finds that Defendants did not adequately
9 meet and confer in an attempt to obviate this dispute. They contend that Mr. Canatella's demand
10 that the subject matter for his deposition be discussed and stipulated to in advance was unreasonable
11 and refused to provide any such detail, other than to state in general terms that the deposition would
12 inquire into his "involvement in the underlying fire loss claim." Defendants refused to provide the
13 more specific topics later disclosed in their motion to compel herein. Had those topics been
14 disclosed in the meet and confer, Defendants would have satisfied any burden they may have had
15 under *Spectra-Physics* and *Nemirofsky,* at least on a *prima facie* basis, of establishing their right to
16 take opposing counsel's deposition. Instead, they chose to rest on their position that they had no
17 such obligation.

18 Perhaps more importantly, regardless of which party has the evidentiary burden of proving
19 the privilege, under Local Rule 37-1(a), if counsel fails to comply with the duty to meet and confer
20 prior to bringing a motion to compel, "the Judge may impose an appropriate sanction, which many
21 include an order requiring payment of all reasonable expenses, including attorney's fees, caused by
22 the refusal or failure to confer." In this case, considerable expense might have been saved had
23 defense counsel provided the same information to Mr. Canatella during the met and confer as they
24 eventually did in the motion to compel. Given the obvious potential problems engendered in
25 deposing opposing counsel and the need of the parties to evaluate the propriety of such a deposition
26 under the *Spectra-Physics* factors, it was not entirely unreasonable for Mr. Canatella to insist on
27 disclosure of those subjects prior to agreeing to go forward with his deposition. Absent that
28 information, the parties could not meaningfully discuss the propriety of the deposition and its limits.

1  This dispute could have been resolved much more efficiently, and possibly without the resort to a
2  formal motion, had defense counsel provided the proposed subject matters curing the meet and
3  confer. In short, defense counsel did not fulfill their obligations under Rule 37(a)(2)(A) and Local
4  Rule 37-1(a).

5  On the other hand, some blame for the needless proliferation of papers on this relatively
6  simply matter can be placed on Mr. Canatella. He could have affirmatively indicated a greater
7  willingness to give a deposition under certain conditions, particularly since he knew full well that
8  there were many matters pertaining to his involvement in the transaction that did not implicate
9  attorney-client privileges. Rather than trying to be constructive, he insisted on a stipulation,
10 choosing to draw his line in the sand as well. More importantly, Mr. Canatella spent considerable
11 time opposing the motion to compel when it should have been clear from Defendants' moving
12 papers that a substantial portion of information Defendants sought from Mr. Canatella's deposition
13 was not privileged. The extensive opposition to the motion was not attorney time well spent.

14 Having reviewed the papers and the fees incurred, and having concluded the primary, but not
15 entire, blame for the failure of the meet and confer and resolve this dispute efficiently rests with
16 Defendants, the Court hereby grants Plaintiffs' motion for sanctions and awards Plaintiffs $2,500 for
17 fees and costs incurred pursuant to Local Rule 37-1(a) and Fed. R. Civ. P. 37(a)(4).

18 This order disposes of Docket Nos. 156 and 168.

20 IT IS SO ORDERED.

22 Dated: February 29, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3