IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LaRELL FRANKLIN, et al.,

    Plaintiffs,

  v.

ALLSTATE CORPORATION, et al.,

    Defendants

                                              /

No. C-06-1909 MMC

**ORDER GRANTING ALLSTATE DEFENDANTS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

       Before the Court is the motion filed February 20, 2008 by defendants Allstate Insurance Company, Nicki Nicolai, Andrew Aspergren, Richard Reney, and Kathi Pardi (collectively, "Allstate Defendants"), for the Court's determination, pursuant to California Code of Civil Procedure § 877.6, that the settlement between plaintiffs and such defendants was in good faith. Defendants Scott D. Schwartz and Rust, Armenis & Schwartz (collectively, "Schwartz Defendants") have filed opposition, to which the Allstate Defendants have replied.

       Having read and considered the papers filed in support of and in opposition to the motion, the Court, having applied the factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal.3d 488 (1985), finds, for the reasons set forth by the Allstate Defendants,

the Schwartz Defendants have failed to meet their burden of showing the settlement is "'out of the ballpark' in relation to [such] factors," see id. at 499-500, or otherwise "inconsistent with the equitable objectives of the statute," see id.[1]

Accordingly, the Allstate Defendants' motion is hereby GRANTED, and the settlement between plaintiffs and the Allstate Defendants is hereby DETERMINED to be in good faith.

**IT IS SO ORDERED.**

Dated: March 27, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] In so finding, the Court has not relied on the Allstate Defendants' argument that any potential claim for indemnity by the Schwartz Defendants would be "time-barred," (see Reply at 5), nor has the Court made any determination with respect to such issue. Further, although the Court sustains the Allstate Defendants' evidentiary objections to the three identified portions of the Chivers declaration, even if such additional evidence were admitted, the Court's determination as to good faith would remain unchanged.

2