IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LaRELL FRANKLIN, et al.,

    Plaintiffs,

  v.

ALLSTATE CORPORATION et al.,

    Defendants

                                     /

No. C-06-1909 MMC

**ORDER RE: SCHWARTZ DEFENDANTS' RESPONSE TO PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT**

       The Court is in receipt of a document, together with attached exhibits, filed March 28, 2008 by defendants Scott D. Schwartz and Rust, Armenis & Schwartz ("Schwartz Defendants") and titled "Response to Plaintiffs' Application for Entry of Default of Defendant Roy Granlund and for Court Judgment," by which said moving parties seek an order setting aside the Clerk's default entered March 17, 2008 against defendant Roy Granlund ("Granlund") and to oppose entry of default judgment thereon.

       To the extent the Schwartz Defendants seek to set aside the default entered by the Clerk against Granlund, the instant filing is insufficient for such purpose; rather, defendants must file a properly noticed motion seeking such relief. See Civil L.R. 7-1 (providing manner in which request for relief may be brought); Civil L.R. 7-2(a) (providing "motions must be filed, served and noticed . . . for hearing not less than 35 days after service of the

motion"). Further, in any such motion, the Schwartz Defendants must provide, in addition to any other argument presented therein, legal authority supporting their standing to raise such objection on behalf of Granlund.

To the extent the Schwartz Defendants seek to oppose entry of default judgment against Granlund, such opposition is premature, for the reason that no motion for entry of default judgment against Granlund is pending before the Court.[1]

**IT IS SO ORDERED.**

Dated: April 3, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] Although plaintiffs did include, in the title of their application for entry of default, the words "and for Court Judgment," a review of the application indicates the only relief sought by such filing was entry of default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (See, e.g., Pls.' App. for Entry of Clerk's Default of Roy Granlund and for Court Judgment at 3:9-22.)

2