**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LaRELL FRANKLIN, et al.,

    Plaintiffs,

  v.

ALLSTATE CORPORATION, et al.,

    Defendants.

No. C-06-1909 MMC

**AMENDED* ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS**

    Before the Court is the administrative motion, filed June 18, 2008 by defendants Scott D. Schwartz, Esq. and Rust, Armenis & Schwartz (collectively, "RAS"), by which RAS seeks to file under seal RAS' Motion for Determination of Good Faith Settlement and the Petition of Dorothy A. Sewell for Approval of Minors' Compromise.[1] In support thereof, RAS has submitted a stipulation, executed by plaintiffs and RAS, that good cause exists for the filing of said documents under seal.

---

[1] RAS also requests that the motion to seal likewise be filed under seal. Such request appears to have been waived, however, as the motion to seal was filed in the public record.

\* The amendment is to correct the date by which defendants are required to take further action.

RAS fails to identify, however, a cognizable basis upon which the above-referenced documents may be filed under seal.  First, the parties' stipulation that said documents should be filed under seal is, standing alone, insufficient.  See Civil L.R. 79-5(a) (providing parties' stipulation that document is sealable "will not suffice to allow the filing of documents under seal").  Second, RAS' reliance on Valley Broadcasting Co. v. U.S. District Court, 789 F.2d 1289 (9th Cir. 1996), is unavailing, for the reason that RAS has failed to show that, if such documents were disclosed to the public, a likelihood exists that they will be used improperly.  See id. at 1294 (recognizing "strong presumption in support of the common law right to inspect and copy judicial records"; noting considerations "[c]ounseling against such access would be the likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (internal quotation and citation omitted).  RAS' citation to Nixon v. Warner Communications, 435 U.S. 589, 598 (1978), likewise is unavailing.  Although, as the United States Supreme Court noted therein, "the right to inspect and copy judicial records is not absolute," see id. at 598, RAS has failed to show the subject documents are of the type identified by the Supreme Court as properly excluded from public access, see id. (noting court's power to insure its records are not "used to gratify private spite or promote public scandal," and do not "serve as reservoirs of libelous statements" or "as sources of business information that might harm a litigant's competitive standing") (internal quotation and citation omitted).

Additionally, RAS has not shown the entirety of each of the above-referenced documents is confidential, and portions thereof plainly are not. (See, e.g., Petition of Dorothy A. Sewell for Approval of Minors' Compromise ¶¶ 3-4 (discussing plaintiffs' allegations in the Second Amended Complaint).)[2]  A party may not designate an entire document as confidential when only part of the document contains confidential information.  See Civil L.R. 79-5(a) (providing request to file document under seal "must be narrowly

---

[2] Such example is provided for illustrative purposes only, and is not intended to set forth all of the material that appears to be of a nonconfidential nature.

2

1  tailored to seek sealing only of sealable material").

2  Accordingly, RAS' administrative motion is hereby DENIED.

3  RAS shall, no later than July 11, 2008, either (1) file in the public record its Motion for Determination of Good Faith Settlement and the Petition of Dorothy Sewell for Approval of Minors' Compromise, or (2) to the extent RAS wishes to submit a motion that seeks leave to file under seal only portions of said documents, file a motion that explains why such portions constitute "sealable material."  (See RAS' Admin. Mot. at 2:19-21) (stating sealing order sought for purpose of preventing "details" of settlement from being disclosed to public).)

**IT IS SO ORDERED.**

Dated: June 25, 2008

MAXINE M. CHESNEY
United States District Judge

3