IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaRELL FRANKLIN, et al., | No. C-06-1909 MMC |
| Plaintiffs, | **ORDER AFFORDING PLAINTIFFS OPPORTUNITY TO SUPPLEMENT MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| ALLSTATE CORPORATION, et al., | |
| Defendants. | |

Before the Court is plaintiffs' "Motion for Entry of Default Judgment of Roy David Granlund," filed October 8, 2008, as amended November 4, 2008. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for December 12, 2008, and rules as follows.

The Court finds plaintiffs' showing, thus far, insufficient to support the entry of an award of damages, costs, or attorneys' fees against defendant Roy David Granlund ("Granlund"). In particular, the Court notes the following deficiencies.

First, plaintiffs claim $300,000 in economic loss but provide no evidentiary support for such amount. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (noting "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (internal

quotation and citation omitted). Further, plaintiffs do not indicate whether such economic loss was suffered equally by all plaintiffs, or in differing amounts. See, e.g., Cal. Code Civ. Proc. § 372 (providing for payment of judgment to minor).

Second, with respect to non-economic damages, plaintiffs have made no showing as to any claimed emotional distress suffered by any individual plaintiff. See TeleVideo, 826 F.2d at 917-18.

Third, with respect to costs and attorneys' fees, plaintiffs have made no effort to allocate such costs and fees to work performed in the prosecution of the action against Granlund as opposed to other defendants. In particular, the evidence submitted by plaintiffs appears to show that the vast majority of the hours claimed by counsel relate to tasks having no connection to Granlund. (See Canatella Decl. ¶ 2.)

Fourth, plaintiffs have made no effort to account for or to credit prior settlements with other defendants against the amount claimed by the instant motion. See Cal. Code Civ. Proc. § 877 (providing where plaintiff settles with one party "claimed to be liable for the same tort" as other parties, the amount of settlement "shall reduce the claims against the others").[1]

Fifth, plaintiffs have failed to file an affidavit stating Granlund is not in military service or, alternatively, that plaintiffs are unable determine whether Granlund is in military service. See 50 App. U.S.C. § 521(a)-(b)(1) (providing, in action in which "the defendant does not make an appearance . . . . the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit [ ] stating whether or not the defendant is in military service and showing facts necessary to support the affidavit; or [ ] if the plaintiff is unable to determine whether or not the defendant is in military service," so stating).

For the reasons stated above, the Court will defer ruling on the instant motion.

---

[1] State law governs the issue of a reduction based on amounts obtained in settlements of federal claims. See, e.g., Getty Petroleum Corp. v. Island Transportation Corp., 862 F.2d 10, 15 (2d Cir. 1988) (holding, in trademark infringement action, state law determines whether non-settling defendant entitled to reduction in monetary judgment based on amounts paid to plaintiff by settling defendant).

Plaintiffs shall file, no later than December 26, 2008, a supplement to their motion, curing the above-noted deficiencies. If plaintiffs fail to timely file said supplement, the court will deny the motion.

**IT IS SO ORDERED.**

Dated: December 10, 2008

MAXINE M. CHESNEY
United States District Judge